UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>507 SUMMIT LLC and KOA CAPITAL L.P.,<br><br>Petitioners,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from GENERAL ATLANTIC, L.P. ▮▮▮▮▮▮▮▮▮▮▮ for use in a Foreign Proceeding. | Case No. 23-mc-427<br><br>**DECLARATION OF ROCCO CECERE IN SUPPORT** |

I, Rocco Cecere, hereby declare:

1. I am an attorney licensed to practice law in the Cayman Islands and am admitted to practice before the Cayman Islands courts. I am a partner in the dispute resolution department of the law firm Collas Crill.

2. My firm is instructed by 507 Summit LLC and KOA Capital L.P. ("Petitioners") in appraisal proceedings brought under Section 238 of the Cayman Islands Companies Act (as amended) and pending before the Grand Court of the Cayman Islands ("Grand Court"), pursuant to which the Grand Court is required to determine the fair value of Petitioners' former shareholdings (Class A ordinary shares), in China Index Holdings Limited ("CIH") ("Appraisal Proceeding").

3. I submit this declaration in support of Petitioners' application to take discovery of General Atlantic, L.P. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pursuant to 28 U.S.C. § 1782, for use in the Appraisal Proceeding.

**I.   The Cayman Islands Appraisal Process**

4. In a Section 238 appraisal proceeding, where there has been a merger involving a Cayman Islands company, a shareholder who dissents from that merger in accordance with the

1

procedure set out in Section 238 has a statutory right to payment of the "fair value" of their former shareholdings, which is to be determined by the Grand Court. The procedure set out in Section 238(8) then requires the subject company to make a written offer to each dissenting shareholder and that the offer must be agreed between the subject company and the dissenting shareholder(s), within a certain time period.

5. Section 238(9) requires that, in the event the subject company and the dissenting shareholder(s) do not otherwise agree upon the price to be paid for the shares, the company must (and any dissenting shareholder may), file a petition with the Grand Court for the determination of the fair value of the relevant former shareholdings. In this case, CIH commenced the Appraisal Proceeding by filing a petition with the Grand Court, a true copy of which is attached as Exhibit 1.

6. At the hearing of the petition, the Grand Court is required to determine the fair value of the dissenting shareholders' shares together with a fair rate of interest, if any, to be paid by the subject company upon the amount determined to be fair value.

## II.   The Scope of Discovery in the Appraisal Proceeding

7. Section 238 petitions are determined by judges of the Financial Services Division of the Grand Court. Cayman Islands judges do not consider themselves to be experts in valuation, for the purposes of appraisal proceedings. Instead, they are guided by the valuation experts appointed by the subject company and the dissenting shareholders, respectively, who provide their expert opinion and testimony on the fair value of the dissenting shareholders' former shareholdings. As explained by the Grand Court in *In the Matter of Qunar Cayman Islands Limited* 2017 (2) CILR 24 (Exhibit 2) at paragraph 18:

> [I]n determining fair value the court is not itself an expert valuation tribunal and must be guided by the expert evidence from

2

experienced valuers. Such experts typically require access to relevant historical data, documents and information relating to the [subject company's] past trading and auditing, together with its forecasts (whether produced by internal management or others) in relation to trading in the future and not only those that have been publicly disclosed (or disclosed to advisers in the course of the "take private" process).

8. Therefore, the discovery sought will be used by experts retained by both the dissenting shareholders and the Company, as well as the Grand Court itself in the Appraisal Proceeding.

9. Pursuant to Cayman Islands law, parties to Cayman Islands proceedings are obligated to provide discovery of documents which are in their "possession, custody or power relating to any matter in question between them in the action." (Grand Court Rules, Order 24, Rule 3(1).) Parties are not obligated to produce documents from third parties that are not otherwise in their own "possession, custody or power".

10. The scope of discovery in civil proceedings described above, applies to Section 238 appraisal proceedings. In addition, and in line with the broad scope of discovery in Cayman Islands civil proceedings, the Grand Court has stated that all documents that may be relevant to the determination of fair value should be produced by the subject company. This is referred to as the subject company's "general discovery obligation". In *In the Matter of Qunar Cayman Islands Limited v Athos Asia Event Driven Master Fund et al* 2018 (1) CILR 199 (Exhibit 3), the CICA at paragraph 45 affirmed the statement made by Parker J at first instance that "it should be a general obligation of the Company to search for and produce all documents relevant to fair value."

11. In addition, in *In the Matter of Qihoo 360 Technology Co. Ltd.* 2017 (2) CILR 585 (Exhibit 4), Martin JA stated in paragraph 19 that "[t]he sole task of the Court is to determine the fair value of the dissenters' shares. To do that, it needs full information." This process often requires a significant amount of information and discovery from subject companies. See *In the*

*Matter of Shanda Games Limited 2018* (1) CILR 352 (Exhibit 5) at paragraph 22: "Since the fair value is not necessarily the same as the merger price or the price at which the shares were trading before the market in them was affected by knowledge of the merger, it is inevitable that the determination will involve an assessment of a substantial quantity of information relating to the financial affairs of the company whose shares are to be valued."

12. As the CICA explained in *In the Matter of Qunar Cayman Islands Limited* 2018 (1) CILR 199 (Exhibit 3, at paragraph 60:

> [I]f third party valuations in the possession of the Company are relevant, so are third party valuations not in the possession of the Company....After all, the question of fair value is closely related to the question of what a willing buyer and a willing seller would exchange for the shares of the Company (or for the Company as a whole): and that question is closely related to valuations conducted within the market generally.

### III.   Third Party Discovery in the Cayman Islands

13. Third party discovery may be highly relevant to the fair value analysis in an appraisal proceeding. However, the Grand Court has very limited power to order discovery from non-parties. The available processes are subject to cumbersome procedures (with long lead times, in my experience) and rarely used.

14. The Grand Court can issue writs of *subpoena ad testificandum* and *subpoena duces tecum* pursuant to GCR Order 38 rule 14. However, because the Respondent is not within the jurisdiction of the Cayman Islands, these procedures are not available for the requested discovery.

15. The Grand Court may, under GCR Order 39, rule 1, order a deposition to be taken from persons both within and outside the Cayman Islands, and may order documents to be produced which it consider necessary for the purposes of the deposition. Where the person to be deposed is outside the jurisdiction: (i) an application may be made for an order for the issuance of a "letter of request" to the judicial authorities of the country where that person's evidence is to be

4

taken; or (ii) if the government of that country allows a person to be examined before a person appointed by the court, for an order appointing a "Special Examiner" to take the evidence. The Grand Court's jurisdiction is discretionary, and it will only exercise it, if it is satisfied that it is necessary, in the sense that the witness can give substantial evidence material to the issue, and that the evidence cannot be obtained in other ways. See *The Supreme Court Practice 1999 at 39/3/2 citing Ehrmann v. Ehrmann* [1896] 2 Ch. 611; *Armour v. Walker* (1883) 25 Ch.D. 673, CA; *Lawson v. Vacuum Brake Co.* (1884) 27 Ch.D 137, CA; *Lewis v. Kingsbury* (1888) 4 T.L.R.629 (Exhibit 6).

16. The Grand Court may issue a letter of request which seeks only documents. However, the party making the application is not entitled to what is in substance general discovery; rather, "[t]*he letter of request must be confined to particular documents, although these may be described compendiously…*" see per Nicholls V-C in *Panayiotou & Ors. V. Sony Music Entertainment* [1994] Ch. 142, 153 (Exhibit 7). Such applications are not common in the Cayman Islands. It is more common for litigants, especially in Section 238 proceedings, to use Section 1782 to obtain evidence in the United States.

17. Therefore, absent assistance from this Honorable Court, which I understand has jurisdiction over the Respondent, the Petitioner will not have a way to compel any discovery directly from the Respondent in a timely and efficient manner. Moreover, as stated above, such applications are not common in the Cayman Islands. It is more common for litigants, especially in Section 238 proceedings, to use 28 U.S.C. § 1782 applications to obtain evidence in the United States.

### IV. Cayman Islands Courts are Receptive to Evidence Obtained through 28 U.S.C. § 1782

18. The Cayman Islands courts are receptive to the use of 28 U.S.C. § 1782 applications to obtain discovery in the United States, for use in Cayman Islands proceedings. Cayman Islands courts expect the parties to obtain the evidence they believe is necessary to prosecute their case. Accordingly, there is no requirement to obtain permission from the Grand Court before seeking relevant evidence abroad, including through the use of 28 U.S.C. § 1782 applications. Similarly, I am unaware of any Cayman Islands' judgment excluding evidence in a Section 238 appraisal proceeding solely because it was obtained using 28 U.S.C. § 1782.

19. In *Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited* [2009] CILR 553, a true copy of which is attached as (Exhibit 8), the Court of Appeal ("CICA") held in paragraph 57, that the right to obtain discovery, pre-trial deposition testimony and documents "is a right conferred by US law – it is not a right conferred by, or to be withheld under, Cayman law." In *Lyxor*, the CICA ruled that when a party has a right to avail itself of legitimate foreign process, such as 28 U.S.C. § 1782, there must be a compelling reason to prevent it from doing so. The CICA held that such a prohibition would only be appropriate where the party was "acting oppressively or abusively" by seeking to rely on its discovery rights under US law (paragraph 57).

20. Cayman Islands courts have thus held that it is permissible for a litigant in a Cayman Islands proceeding to exercise any rights it may have under 28 U.S.C. § 1782 to obtain relevant evidence, including deposition testimony, for use in those proceedings. The Grand Court has relied on such material in a Section 238 appraisal proceeding. For example, in *In the Matter of Nord Anglia Education, Inc.* (Unreported, 17 March 2020) (Exhibit 9), Kawaley J, at paragraph 49, expressly referred to the 2,900 documents that the financial advisor to the special committee of the company's board of directors produced pursuant to 28 U.S.C. § 1782.

## V. Admissibility of Evidence

21. Under Cayman Islands law, evidence is admissible in civil proceedings if it is relevant and not otherwise subject to an exclusionary rule of evidence.

22. The bar for assessing relevance is low. In *Vernon v Bosley* [1994] P.I.Q.R. P 337 [Exhibit 10], at page 339 Hoffman LJ discussed the principles as follows:

> "The cardinal principle of admissibility is relevance. But relevance is always a matter of degree. How relevant must evidence be in order to be admissible? Ordinarily, the threshold is very low ... But there are limits to the extent to which parties can be allowed free reign."

23. In Section 238 proceedings, the exclusionary rules most likely to be applicable are the rules regarding privilege.

24. The admissibility of deposition transcripts obtained under 28 U.S.C. § 1782 was considered by the CICA in *Lyxor v Phoenix*. In that case, the respondent sought 28 U.S.C. § 1782 depositions from key witnesses that had given witness statements on behalf of the appellant and who were potential witnesses at the trial of the Cayman Islands proceedings. The appellant applied to the Grand Court to prevent the respondent from continuing the 28 U.S.C. § 1782 proceedings to compel the witnesses to give depositions. After failing at first instance, the appellant appealed.

25. The CICA refused the appellant's appeal. It held, among other things, at the question of whether the 28 U.S.C. § 1782 deposition should be permitted to proceed was distinct from the admissibility of the Section 1782 deposition transcript. In particular, it held at paragraph 47:

> "The use to which the transcripts of depositions taken in New York may be put in the Cayman proceedings is, of course, a matter for the Grand Court. ... no transcript of depositions would be admissible as evidence at trial without an order of the Grand Court. In deciding what order to make in this respect, it will be open to the Grand Court to restrict the use which can be made of the deposition transcripts in the course of any cross-examination of Mr. Rosenberg and Mr. Phlipponneau at the trial." Here, the proposed deponent is not a

party in the Appraisal Proceeding and cannot be compelled to be a witness at trial. Accordingly, any deposition transcript of the Respondent may be admissible as hearsay statements under the Cayman Islands Evidence Act, provided that the procedure in GCR Order 38 has been complied with.

26. I understand from my involvement in other Section 238 matters that deposition transcripts obtained pursuant to Section 1782 were submitted into evidence and considered by the Cayman Islands courts in a Section 238 appraisal proceeding, *In the Matter of Nord Anglia Education, Inc.* (Unreported, 17 March 2020).

27. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 2, 2023, at George Town, Grand Cayman, Cayman Islands.

Rocco Cecere