UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re application of<br><br>507 SUMMIT LLC and KOA CAPITAL L.P.,<br><br>Petitioners,<br><br>for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from GENERAL ATLANTIC, L.P. for use in a foreign proceeding. | Case No. 23-mc-427<br><br>**MEMORANDUM OF LAW IN SUPPORT** |

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Petitioners

## **TABLE OF CONTENTS**

                                                                                                                  **Page**

BACKGROUND ............................................................................................................................. 1

I.      THE RELEVANT PARTIES ............................................................................................. 1

          A.      CIH; Fang; Mr. Mo .................................................................................... 1

          B.      Petitioners ................................................................................................... 3

          C.      Special Committee ..................................................................................... 3

          D.      Respondent ................................................................................................. 3

II.     THE MERGER .................................................................................................................. 4

III.    THE APPRAISAL PROCEEDING ................................................................................... 5

IV.    THE DISCOVERY SOUGHT ........................................................................................... 6

ARGUMENT ................................................................................................................................. 6

I.      THE STATUTORY REQUIREMENTS ARE SATISFIED ............................................. 7

          A.      Respondent is Found Within this District ................................................. 7

          B.      The Discovery Sought is "For Use" in a Foreign Proceeding ................... 7

          C.      Petitioners are "Interested Persons" .......................................................... 8

II.     THE DISCRETIONARY *INTEL* FACTORS WEIGH IN FAVOR OF PERMITTING DISCOVERY .................................................................................................................... 8

          A.      Whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad" ........................................................................................ 8

          B.      "The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance" ..................................................... 8

          C.      Whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States" ................ 9

          D.      Whether the request is "unduly intrusive or burdensome" ..................... 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re del Valle Ruiz*,
   939 F.3d 520 (2d Cir. 2019) .................................................................................................. 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ................................................................................................... 6, 7, 8

*In re Accent Delight Int'l Ltd.*, ,
   869 F.3d 121 (2d Cir. 2017) .................................................................................................. 7

*In re Kingstown Partners Master ltd.*,
   No. 21-mc-691, 2022 WL 1081333 (S.D.N.Y. April 8, 2022) ................................................ 8

*In re Platinum Partners Value Arbitrage Fund L.P.*,
   583 B.R. 803 (Bankr. S.D.N.Y. 2018) .................................................................................. 8

*In re Application of Savan Magic Ltd.*,
   No. 17-mc-1689, 2017 WL 6454240 (D. Nev. Dec. 18, 2017) .............................................. 9

*Lufthansa Technik v. Panasonic Avionics Corp.*,
   No. 17-mc-1453, 2017 WL 6311356 (W.D. Wash. Dec. 11, 2017) ....................................... 9

*In re Mut. Assistance of Local Court of Wetzlar, Germany*,
   No. 17-mc-78, 2018 WL 2183966 (E.D. Cal. May 11, 2018) ................................................ 9

*In re Republic of Ecuador*,
   No. 10-mc-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ........................................ 9

*Euromepa, S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ................................................................................................ 10

*In re Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*,
   No. 21-mc-153, 2021 WL 1611673 (E.D. Mo. April 26, 2021) .......................................... 10

**Statutes and Rules**

   28  U.S.C. § 1782 ............................................................................................ 1, 6, 7, 8, 9, 10

Petitioners 507 Summit LLC and KOA Capital L.P. (together, "Petitioners") submit this memorandum of law in support of their application for an order under 28 U.S.C. § 1782 authorizing them to take discovery of Respondent General Atlantic, L.P. for use in an appraisal proceeding brought under Section 238 of the Cayman Islands Companies Act pending in the Grand Court of the Cayman Islands, to determine the fair value of Petitioners' Class A ordinary shares in China Index Holdings Limited ("CIH").

## BACKGROUND

### I. THE RELEVANT PARTIES

#### A. CIH; Fang; Mr. Mo

CIH is a Cayman Islands exempted company with limited liability, that was spun-off of Fang Holdings Limited ("Fang"), also a Cayman Islands exempted company with limited liability, on June 11, 2019, via dividend distribution of all of CIH's shares to Fang shareholders. ([Fang Form 20-F filed 5/27/20](#) at 39; [CIH Form 20-F filed 4/26/22](#) at 51.[1])

Per its 2021 annual report ([CIH Form 20-F filed 4/26/22](#) at 50-51), CIH was originally incorporated as Selovo Investments Limited under the laws of the British Virgin Islands in 2007 as a wholly owned subsidiary of Fang. In 2018 the company re-domiciled to the Cayman Islands and changed its name to China Index Holdings Limited. In 2019 CIH and Fang separated in the above-described spin-off. Following the spin-off, Fang retained its business operating a real estate internet portal focusing primarily on serving the residential real property sector, while CIH provided real estate data and analytics tools under the information services segment in addition to promotion services and listing services under the marketplace services segment.

---

[1] For ease of reference, all SEC filings cited herein are hyperlinked, and all hyperlinked documents are annexed as exhibits to the declaration of Jeffrey Chubak in support ("Chubak Decl.").

1

While Fang and CIH shares traded separately as a result of the spin-off, the two businesses remained intertwined:

(1) Post-spin-off, the two entities continued to share revenue and operating responsibilities under a Business Cooperation Agreement. (CIH Form F-1/A filed 5/24/19 Exhibit 10.4.)

(2) The two entities share or have shared common board members and Management. Richard Jiangong Dai, the nephew (Fang Form 20-F filed 5/27/20 at 22) of Fang's and CIH's controlling shareholder Mr. Vincent Tianquan Mo, is the Chairman of the boards of both CIH and Fang. (Chubak Decl. Exhibits 3-4.) Mr. Dai has a history of management responsibilities at Fang including serving as Fang's president and CEO from 1999 to 2014 and Fang's director from September 2010 to February 2016. (CIH Form 20-F filed 4/26/22 at 87.) Mr. Mo was previously the Chairman of both boards. (Fang Form 6-K filed 6/13/19 Exhibit 99.1.) Yu Huang, the "Director, CEO and President" of CIH, is also an "independent director" of Fang. (See also Chubak Decl. Exhibit 5 (Judgment) ¶27 (discussing additional overlap).)

(3) Fang owns shares of CIH and has significant voting power over CIH. As of February 24, 2023, Fang owned 6,964,415 Class A ordinary shares entitled to one vote per share and 11,119,686 Class B ordinary Shares entitled to ten votes per share. (CIH Schedule 13E-3/A filed 2/24/23 at 87.) Fang had beneficial ownership of 20% and voting control of 39% as of February 24, 2023. (Id. at 87-88.) At all relevant times Mr. Mo controlled in excess of 50% of the voting power of each company.[2]

---

[2] Fang disclosed in its 2019 (last-filed) annual report, that 88.7% of its Class B ordinary shares were owned by Media Partner Technology Limited and Next Decade Investments Limited. (Fang Form 20-F filed 5/27/20 at 24.) Both of those entities are controlled by Mr. Mo. (CIH Schedule 13E-3/A filed 2/24/23 at 3-4.) Together with Class A ordinary shares owned by Mr. Mo and his affiliates, he exercised approximately 71.7% of voting power under the dual-class share structure. (Fang Form 20-F filed 5/27/20 at 24, 91.) In addition, as of March 31, 2022, Mr. Mo "beneficially owned approximately 27.2% of [CIH's] total ordinary shares and approximately 62.2% of the

B.      **Petitioners**

Petitioners were beneficial owners of ADS of CIH that have been converted to Class A ordinary shares. (Chubak Decl. Exhibit 5 (Judgment in Cayman indemnity proceeding) ¶¶2, 4, 24, 45-46, 86.g; Cecere Decl. Exhibit 1 (Petition in appraisal proceeding) at 5.) Petitioners have dissented from the below-described merger. (Chubak Decl. Exhibit 5 ¶¶11, 13, and at 5.)

C.      **Special Committee**

On August 23, 2022, Fang submitted a preliminary, non-binding proposal to CIH's board, to acquire all shares not already controlled by the buy-out consortium in a going-private transaction for $.84 per ADS (later increased to $1 per ADS) paid in cash. (CIH Schedule 13E-3/A filed 2/24/23 at 30.)

On August 31, 2022, the board passed a resolution establishing a two-member special committee to evaluate the proposal. (Id.)

On or about September 6, 2022, the special committee engaged counsel and a financial advisor, "to assist the Special Committee in evaluating and negotiating the Proposed Transaction or any alternative transaction". (Id. at 31-32.)

D.      **Respondent**

General Atlantic, L.P. is a Delaware limited partnership whose principal office is located at 55 East 52nd Street in Manhattan and a member of the below-described merger consortium. (CIH Schedule 13D/A filed 10/14/22.)

---

voting power of our outstanding shares. Therefore, [he] has decisive influence over matters requiring shareholders' approval, including election of directors and significant corporate transactions, such as a merger." (CIH Form 20-F filed 4/26/22 at 50.)

3

## II. THE MERGER

On November 30, 2020, General Atlantic Singapore Fund Pte. Ltd. ("GASF"), an affiliate of General Atlantic, L.P., "delivered a preliminary non-binding proposal letter (the 'Proposal') to the Company [CIH] expressing its interest in acquiring all of the outstanding ordinary shares of the Company, including Class A Ordinary Shares represented by ADSs, for US$2.32 in cash per Class A Ordinary Share, Class B ordinary share … and ADS (other than those ADSs and ordinary shares already beneficially owned by the Reporting Persons", defined to include General Atlantic, L.P., GASF and certain of their affiliates. (CIH Schedule 13D/A filed 10/14/22 Item 4.)

CIH's board did not engage with respect to that proposal, because it was not supported by Mr. Mo. (CIH Schedule 13E-3/A filed 2/24/23 at 30.)

On October 12, 2022, the General Atlantic "Reporting Persons" listed in CIH Schedule 13D/A filed 10/14/22 (including General Atlantic, L.P.), Mr. Mo and certain of his affiliates including Fang and Digital Link Investments Limited entered into a "Consortium Agreement" in relation to the then-contemplated merger transaction. (CIH Schedule 13E-3/A filed 2/24/23 at 31-32.) On October 13, 2022, the consortium members submitted a nonbinding proposal to buy all of the outstanding Class A ordinary shares and Class B ordinary shares of CIH, including Class A ordinary shares represented by ADSs, not beneficially owned by the consortium members in a going-private transaction at a price of $.84. (Id.) This buying consortium price was approximately one-third that offered by General Atlantic in its November 30, 2020 proposal.

Following negotiations, the consortium "increase[d] the purchase price to US$1.00 per Share or ADS" and indicated that was its "best and final offer". (Id. at 35-36.)

On December 22, 2022, the special committee approved the transaction. (Id. at 36.)

4

"Following the meeting of the Special Committee, the Board convened, and based upon the unanimous recommendation of the Special Committee … the Board" approved the merger. (Id. at 36-37.)

The merger documents were executed on the same day the special committee and board approved the same. (Id. at 37.)

The merger was consummated April 17, 2023. (CIH Form 6-K filed 4/17/23 Exhibit 99.1.)

## III.     THE APPRAISAL PROCEEDING

Under Companies Law § 238, the Cayman Court in the appraisal proceeding will be under a statutory obligation to decide the fair value of dissenting shareholders' shares. The parties to the appraisal proceeding—Petitioners as dissenting shareholders and CIH—will submit evidence, expert testimony and briefs to the Cayman Court which will weigh the evidence and decide on the fair value of Petitioners' shares.

In assessing fair value in a Cayman appraisal proceeding, the Cayman Court will examine the fairness of the process that led to board approval of the merger. In doing so, the Cayman Court will consider the fairness of the merger to CIH's minority stockholders and will likely focus on inter alia objective valuations of the Company and the process by which the special committee and/or board concluded that the merger price was appropriate.

CIH commenced the appraisal proceeding on July 19, 2023. (Cecere Decl. Exhibit 1.)

There is no automatic discovery in proceedings under Companies Law § 238, similar to pretrial discovery in federal and state court actions here. Instead, under Grand Court Rules, Order 24, Rule 3, the Cayman Court may order any party to provide discovery of "documents which are in their possession, custody or power relating to any matter in question between them in the action." (Cecere Decl. ¶9.) The Cayman Court, however, has no power to order nonparties outside of the court's jurisdiction to produce evidence. (Id. ¶17.) Because Respondent is outside the

5

Cayman Court's jurisdiction, it will not have power to order Respondent to provide evidence in the appraisal proceeding. Nevertheless, the Cayman Court has affirmatively held that § 1782 can be used to gather discovery in connection with appraisal proceedings before said court. *E.g. Lyxor Asset Mgm't S.A. v. Phoenix Meridian Equity Limited* [2009] CILR 553 (Cecere Decl. Exhibit 8); *In re Nord Anglia Education, Inc.* (Unreported, March 17, 2020) (id. Exhibit 9).

## IV. THE DISCOVERY SOUGHT

Petitioners seek from Respondent all documents concerning its valuation of CIH, or its Class A ordinary shares, Class B ordinary shares or ADS, from the period July 1, 2020-December 31, 2022, i.e. several months preceding its preliminary non-binding proposal letter to CIH through the month and year the merger documents were entered into; and financial statements of CIH and Fang from said period and communications concerning the same.

## ARGUMENT

Under § 1782, a district court may authorize discovery for use in a pending foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004).

A § 1782 application must satisfy three requirements: (1) the discovery is sought from someone who resides or is found within the district; (2) the discovery is for use before a foreign tribunal; and (3) the applicant is an "interested person." *Id*. at 241.

If these statutory requirements are met, the following discretionary factors are considered: (1) whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264-65. In considering these factors, the

6

Court is required to keep in mind "the twin aims of Section 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Id*. at 252.

As detailed below, Petitioners satisfy each of the three statutory requirements, and each of the *Intel* factors weighs heavily in favor of granting the instant application.

## I. THE STATUTORY REQUIREMENTS ARE SATISFIED

### A. Respondent is Found Within this District

Whether a person is "found" in a district for § 1782 purposes is coextensive with whether a district court has general personal jurisdiction over that person. *In re del Valle Ruiz*, 939 F.3d 520, 523-24 (2d Cir. 2019) ("Resides or is found" language in § 1782 "extends to the limits of personal jurisdiction consistent with due process").

Respondent stated (CIH Schedule 13D/A filed 10/14/22 Item 2) that its "principal address" is "55 East 52nd Street, 33rd Floor" in Manhattan. Its website (Chubak Decl. Exhibit 3) lists the same address as its New York office.

### B. The Discovery Sought is "For Use" in a Foreign Proceeding

The "for use' requirement "focuse[s] on the *practical ability* of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017).

Cayman courts have held civil litigants can make use of evidence obtained under § 1782 in Cayman Islands civil proceedings, including in appraisal proceedings. Indeed, there are many examples of § 1782 evidence being used. (Cecere Decl. ¶¶18-20.) Further, there are no restrictions under Cayman law limiting the ability of parties in the appraisal proceeding to submit relevant documentary or testimonial evidence obtained under § 1782. (Id. ¶¶21-26.)

7

### C. Petitioners are "Interested Persons"

Petitioners are party to the appraisal proceeding. There is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256.

## II. THE DISCRETIONARY *INTEL* FACTORS WEIGH IN FAVOR OF PERMITTING DISCOVERY

Once the statutory requirements are met, district courts consider the four discretionary *Intel* factors (listed in bold in section headings below). 542 U.S. at 264-65.

### A. Whether the person from whom discovery is sought is a "nonparticipant in the matter arising abroad"

Respondent is not party to the appraisal proceeding (Cecere Decl. Exhibit 1), and thus it will not be subject to party discovery. Further, because Respondent resides in the United States, the Cayman Court will not have jurisdiction to compel discovery from it. (Id. ¶8.) Thus, although evidence from Respondent will significantly aid the fair resolution of the appraisal proceeding, Petitioners will not be able to gain access to its testimony or documents through the discovery process in the appraisal proceeding itself.

### B. "The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"

Multiple United States courts have recognized Cayman courts are receptive to evidence obtained via § 1782. *In re Kingstown Partners Master Ltd.*, No. 21-mc-691, 2022 WL 1081333, at *5 (S.D.N.Y. April 8, 2022) (collecting cases in § 1782 proceedings to take discovery for use in Cayman appraisal proceedings); *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 816 (Bankr. S.D.N.Y. 2018) ("Cayman courts are in fact receptive to evidence obtained through U.S. discovery procedures, even if such evidence may not be discoverable under Cayman law").

### C. Whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"

This factor looks primarily to whether the discovery sought seriously offends the public policy of the forum state or the United States and is satisfied unless the foreign court actively prohibits gathering the information sought. There is no prohibition on obtaining nonparty discovery in aid of appraisal proceedings under Section 238 or for use in other civil actions under Cayman law. *In re Application of Savan Magic Ltd.*, No. 17-mc-1689, 2017 WL 6454240, at *4 (D. Nev. Dec. 18, 2017); *Lufthansa Technik v. Panasonic Avionics Corp.*, No. 17-mc-1453, 2017 WL 6311356, at *4 (W.D. Wash. Dec. 11, 2017); *see also Lyxor Asset Mgm't S.A. v. Phoenix Meridian Equity Limited* [2009] CILR 553 (Cecere Decl. Exhibit 8), at ¶¶57-58.

Thus, the discovery sought does not seek to circumvent proof-gathering restrictions applicable in the appraisal proceeding. To the contrary, as noted above Cayman courts are receptive to foreign discovery.

### D. Whether the request is "unduly intrusive or burdensome"

As an initial matter, the party responding to § 1782 discovery is the one that must establish that it presents an undue burden. *In re Mut. Assistance of Local Court of Wetzlar, Germany*, No. 17-mc-78, 2018 WL 2183966, at *4 (E.D. Cal. May 11, 2018).

The discovery sought is limited in scope to documents and information bearing on the value of Petitioners' Class A ordinary shares. To the extent the Court believes any request is overbroad, granting the application will not preclude Respondent from moving to quash or modify its subpoena. *E.g. In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010) ("the Court's ruling here does not preclude Mr. Borja … from contesting the subpoena based on undue intrusion or burden or based on other grounds (e.g., overbreadth)"). Moreover, if the Court finds any merit to such objection, "it is far preferable for a district court to

reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995). *See also In re Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 21-mc-153, 2021 WL 1611673, at *3 (E.D. Mo. April 26, 2021) ("rather than attempt to trim the [§ 1782] discovery requests sua sponte, the Court will order the parties to meet and confer in good faith and … narrow the scope of the discovery requests").

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant the application.

Dated: New York, New York  
November 7, 2023

Amini LLC

/s/ Jeffrey Chubak  
Jeffrey Chubak  
131 West 35th Street  
12th Floor  
New York, NY 1001  
(212) 490-4700  
jchubak@aminillc.com  
Attorneys for Petitioners

10