USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
IN RE: APPLICATION OF 507 SUMMIT
And KOA CAPITAL L.P., PETITIONERS,
FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN A FOREIGN PROCEEDING
-----------------------------------------------------------------X

ORDER OF JUDICIAL ASSISTANCE
1:23-MC-00427 (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge:**

Petitioners 507 Summit LLC and KOA Capital L.P. ("Petitioners") have filed an application for judicial assistance pursuant to 28 U.S.C. § 1782 to obtain documentary evidence for use in a foreign proceeding. (Ex Parte Appl., ECF No. 1.) Specifically, Petitioner seeks authorization to issue a subpoena to Respondent General Atlantic, L.P. ("GA" or "Respondent"), a Delaware limited partnership whose principal office is located in Manhattan, seeking certain documents for use in an appraisal proceeding brought under Section 238 of the Cayman Islands Companies Act pending in the Grand Court of the Cayman Islands (the "Cayman Court").

## BACKGROUND

China Index Holdings Limited ("CIH") is a Cayman Islands exempted company with limited liability. Petitioners were beneficial owners of American Depository Shares ("ADS") of CIH that have been converted to Class A ordinary shares.

CIH is a former subsidiary and spin-off of Fang Holdings Limited ("Fang"), another Cayman Islands exempted company with limited liability. CIH was originally incorporated as Selovo Investments Limited under the laws of the British Virgin Islands but in 2018 re-domiciled to the Cayman Islands and changed its name to CIH. It spun off from Fang in 2019.

1

Fang operates a real estate internet portal focused primarily on residential properties. After the spin-off, CIH provided services to Fang, including providing real estate data and analytics tools, promotion and listing services. Post-spin-off, CIH and Fang continue to share revenue and operating responsibilities and have common board members and management, including Richard Jiangong Dai, Vincent Tianquan Mo, and Yu Huang. Fang owns shares of CIH. Additionally, Mo controls more than 50% of the voting power of CIH and Fang.

On November 30, 2020, General Atlantic Singapore Fund Pte. Ltd. ("GASF"), an affiliate of Respondent, made a proposal to CIH to acquire all of its outstanding ordinary Class A and B shares and ADS for $2.32 in cash per share/ADS. CIH did not engage with that proposal.

Nearly two years later, on August 23, 2022, Fang made a proposal to acquire all outstanding Class A and B shares and ADSs of CIH in a going private transaction. He proposed $.84 cash per share, which was later increased to $1 per ADS. A special committee was established to evaluate the proposal.

On October 12, 2022, Fang, Mo, Digital Link Investments Limited and certain GA "Reporting Persons" entered into a Consortium Agreement. The consortium members then submitted a proposal to buy all outstanding ordinary Class A and B shares and ADSs of CIH for $.84 in a going private transaction. The proposed purchase price was increased to $1 after some negotiations. On December 22, 2022, the special committee approved the transaction. Petitioners objected to the transaction. The board nevertheless approved the transaction, which was consummated on April 17, 2023.

The pending Cayman Islands proceeding is one in which the Cayman Court will determine the fair value of the dissenting shareholders' shares. Petitioners, who are parties in

that proceeding, will submit evidence, expert testimony and briefs seeking a higher value for their shares than was paid in the transaction. In assessing the fair value of the shares, the Cayman Court will evaluate the fairness of the process that lead to the board's approval of the transaction and may consider objective valuations of the shares and the process by which the special committee and board concluded that the price of $1 per share was appropriate.

CIH commenced the appraisal proceeding on July 19, 2023. The Cayman Court has no power to order Respondent to provide evidence for the appraisal proceeding, but does permit parties to introduce evidence obtained through 28 U.S.C. § 1782. Accordingly, Petitioners seek documents in Respondent's possession dating from the period July 1, 2020 to December 31, 2022 that are relevant to the bids, the valuation of the shares, and the transaction vetting and approval process. In particular, the proposed subpoena seeks:

- All documents and communications concerning General Atlantic's valuation of CIH, or its Class A ordinary shares, Class B ordinary shares or ADS.
- All financial statements of CIH.
- All financial statements of Fang.
- All communications concerning financial statements of CIH.
- All communications concerning financial statements of Fang.

## DISCUSSION

Section 1782 empowers a United States district court to order any person residing within its jurisdiction to provide discovery for use in a foreign proceeding pursuant to the application of an interested party. 28 U.S.C. § 1782(a). Applicants for discovery under Section 1782 must meet three statutory requirements: "(1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be 'for use in a foreign proceeding before a foreign tribunal', and (3) the applicant must be either a foreign tribunal or an 'interested person.'" *In re Accent Delight Int'l Ltd.*, 869 F.3d

121, 128 (2d Cir. 2017) (citing *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015)).

The application confirms that the Respondent resides in the Southern District of New York.  Further, Petitioners intend to use the proposed discovery in a foreign proceeding to be filed in the Cayman Court.  Finally, Petitioners are interested persons because they are parties to the proceeding.  Therefore, Petitioners meet the statutory criteria of Section 1782.

Provided the statutory requirements for discovery are met, the Court must then determine, in its discretion, whether the discovery should be permitted in light of the four so-called *Intel* factors.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).  These factors are as follows:

- Whether the person from whom discovery is sought is a participant in the foreign proceeding;
- The nature and character of the foreign tribunal and proceedings before it, as well as the tribunal's receptivity to U.S. federal-court judicial assistance;
- Whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country or the United States; and
- Whether the discovery is unduly intrusive or burdensome.

*Id.* at 264-65.  When evaluating these factors, the Court must be mindful of the goals of Section 1782 – to provide efficient means of assistance to participants in international litigation and to encourage foreign countries by example to provide similar means of assistance to U.S. courts.  *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020).

Consideration of the four Intel factors also warrants granting Petitioner's § 1782 application.  First, the discovery sought is from an entity that is not participating in the foreign proceeding and are not contemplated participants.  Petitioners' counsel attests that

Respondent is not a party to the Cayman Islands proceeding and not subject to the jurisdiction of the Cayman Court.

The second factor – nature of the foreign proceedings and receptivity of the foreign tribunal to federal-court assistance – requires courts to consider "(1) whether United States assistance would offend the foreign country… and (2) whether the material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006).

Third, the Cayman Court accepts evidence gathered under Section 1782. *E.g. Lyxor Asset Mgm't S.A. v. Phoenix Meridian Equity Limited* [2009] CILR 553 (Cecere Decl., ECF No. 6-8.); *In re Nord Anglia Education, Inc.* (Unreported, March 17, 2020) (ECF No. 6-9.).

Finally, Petitioner asserts that the discovery is not unduly intrusive or burdensome because it seeks only documentary evidence limited to a narrow time period.  Without having considered Respondent's objections, the Court finds that the requests are on their face focused on the information sought that Petitioner contends is relevant to the case in the Cayman Islands.  In other words, they are not so overbroad to warrant denial of the application. Notably, Respondent does not object to the Court's issuance of an Order for Judicial Assistance but asks for the opportunity to raise objections and move for relief in this Court.  This response is reasonable and consistent with the process typically followed by the Court.

## CONCLUSION

Accordingly, Petitioners are hereby authorized to issue the proposed subpoena.  Any motion to quash, modify or for other relief by Respondent shall be filed within thirty days of this Order.  The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 9.

**SO ORDERED.**

**DATED:**   New York, New York
             January 8, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge