# AMINI LLC

**Jeffrey Chubak**
MEMBER NY & NJ BARS

212.497.8247
jchubak@aminillc.com

April 2, 2024

**By ECF**

Hon. Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: 507 Summit LLC et al v. General Atlantic, L.P. 23-mc-427 (KHP)

Dear Judge Parker:

We represent the petitioners in this 28 U.S.C. § 1782 proceeding and submit this status letter pursuant to the order entered March 22, 2024.

On January 8, 2024, the Court granted our motion to issue a document subpoena. The parties since agreed to a defined scope of production. On March 19, 2024, respondent conditioned production on entry of a protective order. On the same day, petitioners advised they were amenable to using Your Honor's model protective order. Respondent requested certain changes, and the parties have negotiated the agreed form of protective order filed contemporaneously herewith, and request that this Court so order the same.

In accordance with Individual Practice II.D, a blackline comparison against the model protective order (Exhibit 1) is enclosed. The parties represent that they have no disagreement regarding the proposed modifications to Your Honor's model protective order and the explanations for the proposed modifications are set forth below:

- The proposed changes in the second introductory paragraph, in paragraphs 2, 4, 5, and 9, in added paragraphs 16, 17, and 18, and in the attached "Agreement", are to account for the nature of this particular proceeding under 28 U.S.C. § 1782 to obtain discovery for use in a separate, foreign appraisal proceeding in the Grand Court of the Cayman Islands, to which respondent General Atlantic, L.P. is not a party. The proposed modifications thus provide confidentiality protections over produced material in connection with that separate proceeding, ensure that respondent is notified prior to the use of its confidential information in that proceeding so that respondent can seek relief in that forum if necessary, and ensure that any third parties that receive such confidential information subject to the order are bound by the terms of the order and that the order would be enforceable against them.

- The proposed changes in paragraph 3 are meant to ensure that pending the resolution of any challenge to a confidentiality designation, such material continues to be treated as confidential until this Court resolves the challenge.

Hon. Katherine H. Parker
April 2, 2024
Page 2

- The proposed addition of paragraphs 11, 15, and 19 is to ensure that the confidentiality order stays in effect after final disposition of this proceeding and the Cayman Islands proceeding and that this Court retains jurisdiction should enforcement of the order be necessary. The proposed modification to paragraph 10 is to align paragraph 10 with the "final disposition" definition used in new paragraph 11.

- The proposed addition of paragraph 12 is to provide a process for notice and an opportunity for respondent to seek relief if petitioners are subpoenaed or are the subject of a discovery action that contemplates production of respondent's confidential information.

- The proposed addition of paragraph 14 is to provide a process for notice and recovery of and protection over confidential information if petitioners inadvertently or without authorization disclose confidential information.

Naturally, no production has been made to date. We therefore ask that this Court keep this proceeding open at least pending completion of production.

Respectfully submitted,

/s/ Jeffrey Chubak

cc: Jessica Carey
    David Friedman

Enclosure