USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re application of<br>507 SUMMIT LLC and KOA CAPITAL L.P.,<br>                                  Petitioners,<br>for an order pursuant to 28 U.S.C. § 1782<br>to obtain discovery from GENERAL<br>ATLANTIC, L.P. for use in a foreign<br>proceeding. | 23-mc-427 (KFP)<br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

    WHEREAS, the parties having agreed to the following terms of confidentiality, and this Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

    ORDERED that the following restrictions and procedures shall apply to the information and documents produced by General Atlantic, L.P. ("respondent") in response to the subpoena issued to it by 507 Summit LLC and KOA Capital L.P., ("petitioners," and together with respondent, the "parties"), pursuant to the order of judicial assistance entered herein (ECF Doc. #27), seeking certain documents for use in an appraisal proceeding In re China Index Holdings Limited (FSD2023-0201) (the "Litigation") pending in the Grand Court of the Cayman Islands ("Cayman Court").

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of their client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. The Confidential Information will be held and used by the person receiving such information solely for use in connection with prosecuting, defending, or attempting to settle the Litigation and any appeals thereto, and not for business, commercial or competitive purpose or in any other action or proceeding or any other purpose.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by this Court. Unless the designating party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question confidential treatment until this Court's decision. Nothing in this stipulation and protective order ("Protective Order") constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the Litigation;

    c. Consultants or experts assisting in the prosecution or defense of the Litigation, to the extent deemed necessary by counsel;

    d. China Index Holdings Limited ("CIH"), CIH's counsel, employees of such counsel assigned to and necessary to assist in the Litigation, and CIH's consultants or experts in connection with the Litigation to the extent deemed necessary by such counsel, each pursuant to the procedure set forth in paragraph 5 below;

    e. During depositions (if any), witnesses and attorneys for witnesses to whom disclosure is necessary; provided, that the witnesses will not be permitted to keep any Confidential Information unless such witness is an employee of respondent or its affiliates or unless otherwise agreed by the respondent or ordered by this Court; provided further, that pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted hereby; and

    f. The Cayman Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Cayman Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the Litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Ensure that each such person has signed an agreement to be bound by this Protective Order in the form attached hereto and delivered such executed form(s) to respondent.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with this Court or the Cayman Court under seal. The parties shall follow the applicable court's procedures with respect to filing under seal.

10. At the final disposition of the Litigation, Confidential Information and any copies thereof shall be promptly returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Even after final disposition of the Litigation, the confidentiality obligations imposed by this Protective Order will remain in effect and will continue to be binding on all persons to whom Confidential Information is produced or disclosed until the respondent agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in the above-captioned matter or Litigation, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time under applicable law.

12. If either petitioner is served with a subpoena or a court-issued order in an action or proceeding other than the Litigation that compels disclosure of any Confidential Information, the person served must:

    a. Promptly notify in writing respondent, and transmit to respondent a copy of the subpoena or court order unless prohibited by law;

    b. Promptly notify in writing the person that caused the subpoena or order to issue that some or all of the material covered thereby is subject to this Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the respondent.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

14. If a petitioner learns that by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized hereby, said petitioner must immediately notify respondent in writing of the unauthorized disclosure, use its best efforts to retrieve all unauthorized copies of the Confidential Information, inform the person(s) to whom unauthorized disclosure was made of the terms hereof and ask said person(s) to sign the agreement to be bound by this Protective Order in the form attached hereto.

15. This Court retains jurisdiction and discretion whether to afford confidential treatment to any material designated to be Confidential Information and submitted to this Court in connection with any motion, application or proceeding that may result in an order and/or decision by this Court.

16. Nothing in this order will prevent any petitioner from relying on any material designated to be Confidential Information at trial or hearing in the Litigation in compliance with all agreed and ordered procedures applicable in the Litigation; provided, however, prior to utilizing any of respondent's material designated to be Confidential Information at trial or in any other manner where such material could be publicly disclosed, such party will provide respondent at least twenty-one (21) days' notice so that respondent will have the opportunity to apply to the Cayman Court for an order to restrict public disclosure of such materials.  Nothing herein precludes this Court from considering the rulings by the Cayman Court regarding the disclosure of material designated to be Confidential Information in connection with any dispute regarding disclosure of such material to petitioners.

17. Nothing herein shall be deemed to abridge or vary the applicable provisions of Cayman Islands law, including the Cayman Islands Grand Court Rules, and any orders or agreements entered in the Litigation, concerning the admissibility of evidence and/or the protection of confidentiality in material produced or exchanged in the Litigation.

18. This Protective Order is without prejudice to and does not diminish any confidentiality obligations and protections that may attach to material produced by respondent, once it is produced in and/or becomes part of the Litigation in any manner.

19. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| Amini LLC | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
|---|---|
| /s/ Jeffrey Chubak<br>Jeffrey Chubak<br>131 West 35th Street<br>12th Floor<br>New York, New York 10001<br>(212) 490-4700<br>jchubak@aminillc.com<br>Attorneys for Petitioners<br><br>Dated: April 2, 2024 | /s/ David Friedman<br>Jessica S. Carey<br>David Friedman<br>1285 Sixth Avenue<br>New York, New York 10019<br>(212) 373-3000<br>jcarey@paulweiss.com<br>dfriedman@paulweiss.com<br>Attorneys for Respondent<br><br>Dated: April 2, 2024 |

SO ORDERED.

_____
KATHERINE H. PARKER, U.S.M.J.

Dated:  New York, New York
        April 3, 2024

# AGREEMENT

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order (the "Protective Order") that was issued by the U.S. District Court for the Southern District of New York on [date] in the case of *In re Application of 507 Summit and KOA Capital L.P.*, No. 1:23-mc-00427-KHP.  I agree to comply with and to be bound by all terms of the Protective Order, and further agree not to disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of this Court.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____